IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GARY L. W.,

                Plaintiff,

    v.                                          Civil Action No.
                                                  6:17-CV-1183 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

DOLSON LAW OFFICE               STEVEN R. DOLSON, ESQ.
124 North Salina Street              GREGORY P. FAIR, ESQ.
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH          LUCY WEILBRENNER, ESQ.
U.S. Attorney for the               LORIE E. LUPKIN, ESQ.
Northern District of New York      Special Assistant U.S. Attorneys
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 11, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

(1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

(2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: September 12, 2018
Syracuse, NY

```
     UNITED STATES  DISTRICT COURT
     NORTHERN DISTRICT OF NEW YORK
     ------------------------------------------x
     GARY L. W.,


                                   Plaintiff,

     vs.                           6:17-CV-1183

     COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

     ------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on September 11, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      LAW OFFICES OF STEVEN R. DOLSON
                    Attorneys at Law
                    126 N. Salina Street, Suite 3B
                    Syracuse, New York  13202
                       BY:  GREGORY P. FAIR, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    625 JFK Building
                    15 New Sudbury Street
                    Boston, Massachusetts  02203
                       BY:  LUCY WEILBRENNER, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1              (In Chambers, Counsel present by telephone.)
2              THE COURT: So I have before me a request for
3  judicial review of an adverse determination by the Acting
4  Commissioner pursuant to 42 United States Code Section
5  405(g).
6              The background is as follows: The plaintiff was
7  born in September of 1962 and is currently 56 years of age.
8  He was 53 years old at the time of the administrative hearing
9  in this matter, and 51 at the time of his alleged disability
10 onset. Plaintiff lives with his wife in Ava, New York. He
11 is 5 foot 10 inches in height and weighs 297 pounds and has
12 been diagnosed as suffering from obesity. Plaintiff
13 completed the 11th grade but -- and has not achieved a GED.
14 He has a driver's license and drives. Plaintiff has worked
15 as a mechanic since the 1980s in a very physical capacity,
16 often lifting up to 150 pounds.
17             In terms of health, plaintiff's primary complaint
18 is fatigue, he has heart issues. In November of 2009, he
19 suffered a myocardial infarction and underwent a stent and
20 catheterization -- a stent, and he underwent catheterization
21 later in August of 2013 when he was hospitalized with chest
22 pain. He was hospitalized again in October of 2015 with
23 chest pain, that's 10F. The August 2013 is reported at 11F.
24 Plaintiff suffers from sleep apnea and has been prescribed a
25 CPAP machine, although he testified he does not regularly use

it.  Plaintiff also suffers from Meniere's disease, he was diagnosed in 2013.  It causes intermittent dizzy spells but he has not suffered any hearing loss.

Plaintiff was treating with the Boonville Family Care practice but switched to Slocum-Dickson in October 2015 where he is now treated by Dr. George Tomy.

In terms of medication, plaintiff has been prescribed Toprol for the heart, Simvastatin for cholesterol, Prilosec for his stomach, aspirin -- baby aspirin, and atorvastatin which is also for cholesterol.  For his heart he's also been in the past prescribed metoprolol and has nitrogen pills which he uses as needed.

Plaintiff cooks.  The record is somewhat unclear as to whether he cleans.  In 4F he reported that he does; at the hearing he stated he does not.  He does laundry, shops, takes care of daily hygiene, watches television, and uses the computer.

The plaintiff applied for Title II Disability Insurance benefits on March 19, 2014.  He also protectively filed under Title XVI for Supplemental Security Income payments.  He alleged an onset date of January 1, 2013.  That onset date was later amended to March 19, 2014.

The hearing was conducted by Administrative Law Judge Barry Ryan on April 28, 2016.  The administrative law judge issued a decision subsequently on June 16, 2016 that

1  was unfavorable to the plaintiff.  The Social Security
2  Administration Appeals Council denied plaintiff's request for
3  review on August 31, 2017, making the administrative law
4  judge's opinion a final determination of the agency.
5           In his decision, ALJ Ryan applied the familiar
6  five-step sequential test for determining disability.
7           At step one he concluded that plaintiff had not
8  engaged in substantial gainful activity since the amended
9  onset date of March 19, 2014.  He did note that plaintiff's
10 last date of insured status was December 31, 2017.
11          At step two, the administrative law judge concluded
12 that plaintiff suffers from severe impairments within the
13 meaning of the regulations, including coronary artery disease
14 status post myocardial infarction, obesity, and sleep apnea.
15 He rejected the other claimed impairments, including
16 Meniere's disease, as not significantly limiting plaintiff's
17 ability to perform work functions.
18          At step three, plaintiff, according to the ALJ, did
19 not -- his condition did not meet or medically equal any of
20 the listed presumptively disabling conditions set forth in
21 the regulations, specifically looking at Listing 3.10
22 relating to sleep apnea, 4.04 relating to ischemic heart
23 disease.  He then concluded, after reviewing the evidence in
24 the record, that plaintiff retains the residual functional
25 capacity to perform a full range of light work as defined in

1  the regulations.  As you know, that includes lifting no more
2  than 20 pounds at a time with frequent lifting or carrying of
3  objects weighing up to 10 pounds.  It requires a good deal of
4  walking or standing, and when it involves sitting, most of
5  the time with some pushing and pulling of arm or leg
6  controls.  The ALJ then concluded that plaintiff was unable
7  to perform his past relevant work based upon the exertional
8  requirement associated with it.
9        At step five, applying the Medical Vocational
10 Guidelines or Grids, and specifically Rule 202.11, he
11 concluded that plaintiff was not disabled at the relevant
12 times, and therefore ineligible for the benefits requested.
13       As you know, my task is limited, I apply an
14 extremely deferential standard of review and determine
15 whether correct medical -- legal, I'm sorry, principles were
16 applied and the determination is supported by substantial
17 evidence.
18       The primary argument here relates to the
19 administrative law judge's analysis of plaintiff's reported
20 symptomology, which includes weakness, fatigue, and
21 dizziness.  20 CFR Section 404.1529 and SSR 16-03p prescribe
22 a two-step process for determining credibility.
23 Administrative Law Judge Ryan correctly cited at page 22 of
24 the administrative transcript the test.  The problem here is
25 determining whether he found at step one that the conditions

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

14

1   that he found under the modest step two test were severe,
2   rose to a level that could reasonably be expected to produce
3   the reported symptomology, or instead, he went to step two
4   and concluded, after analyzing the intensity, persistence,
5   and limiting effects of the symptomology that plaintiff's
6   reports were not fully credible.
7            In my view, I could guess at what the analysis was
8   but it would simply be a guess, and I don't think that that's
9   what the law intended.
10           I agree with plaintiff's counsel that this case
11  looks to fall within the four corners of *Meadors v. Astrue*,
12  370 Fed.Appx. 179 from the Second Circuit, 2010; and also
13  *Martone v. Apfel*, 70 F.Supp.2d 145, a 1999 decision from this
14  court, specifically Judge Hurd.
15           In my view, Judge Ryan, who is a seasoned
16  administrative law judge, I have a great deal of respect for
17  him, simply didn't go through the steps required to make the
18  analysis under SSR 16-03p such that it would permit a
19  meaningful review by the court.  So it's not at all clear to
20  me that this plaintiff can carry his burden of demonstrating
21  limiting conditions that would rise to a level to support a
22  finding of disability, but I have no choice but to grant
23  judgment on the pleadings to the plaintiff and remand the
24  matter, without a directed finding, for a better analysis of
25  the plaintiff's symptoms.

1     Thank you both for excellent presentations, and
2 hope you have a good afternoon.
3          MR. FAIR:  Thanks, Judge, you, too.
4          MS. WEILBRENNER:  You too, thank you.
5              (Proceedings Adjourned, 10:22 a.m.)

1  CERTIFICATE OF OFFICIAL REPORTER
2
3
4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5  Official Realtime Court Reporter, in and for the
6  United States District Court for the Northern
7  District of New York, DO HEREBY CERTIFY that
8  pursuant to Section 753, Title 28, United States
9  Code, that the foregoing is a true and correct
10 transcript of the stenographically reported
11 proceedings held in the above-entitled matter and
12 that the transcript page format is in conformance
13 with the regulations of the Judicial Conference of
14 the United States.
15
16              Dated this 11th day of September, 2018.
17
18
19                         /S/ JODI L. HIBBARD
20                         JODI L. HIBBARD, RPR, CRR, CSR
                           Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547